**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | | |
|---|---|---|
| ELVIN WINSTON RICKS, | * | |
| Reg #56184-080 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 2:19-cv-00068-LPR-JJV |
| | * | |
| GENE BEASLEY, Warden, | * | |
| FCI – Forrest City, | * | |
| | * | |
| Respondent. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. PROCEDURAL HISTORY

On March 26, 2009, Petitioner, Elvin Winston Ricks, pleaded guilty to one count of possession with intent to distribute cocaine within 1,000 feet of a housing facility, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 860(a), in the United States District Court for the Western District of Texas. (Doc. No. 6-2 at 1.) The court sentenced him to 188 months imprisonment as a career offender. (Doc. No. 6-2 at 2.)

Mr. Ricks appealed the conviction to the Fifth Circuit Court of Appeals, which was dismissed as frivolous on August 20, 2010. (Doc. No. 6-3 at 1.) He failed to file a petition for a writ of *certiorari* to the Supreme Court of the United States. On October 12, 2011, Mr. Ricks filed a Motion to Vacate under 28 U.S.C. § 2255 with the Western District of Texas. The court denied that request on April 30, 2012, saying the petition lacked merit. (Doc. No. 6-4 at 1.) Pursuant to the 2015 decision in *Johnson v. United States*, 135. S. Ct. 2551 (2015), the Western District of Texas entered a standing order on April 19, 2016 appointing Federal Public Defender ("FPD") counsel for Ricks and other potentially affected defendants. The FPD later found Ricks was not eligible for relief under *Johnson* and sent notification to the court. (Doc. No. 6-5.)

Now, Mr. Ricks, an inmate at the Forrest City Medium Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No. 1.) For the following reasons, I find the Court lacks jurisdiction and recommend the Petition be dismissed.

## II.     ANALYSIS

Mr. Ricks raises just one argument in his Petition – that he is not a career criminal based on recent holdings by the United States Supreme Court. Mr. Ricks claims *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), invalidate at least one of the predicate offenses that was used to convict him as a career criminal. (Doc. No. 2 at 10.)

But inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

As a purely practical matter, it is the sentencing court that is in the best position to address Mr. Ricks's claims. As the Sixth Circuit Court of Appeals aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of

3

>confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id.* The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. Having already tried and failed at a § 2255 petition in the Western District of Texas does not automatically render such a petition ineffective or inadequate as a matter of law. While Mr. Ricks was not issued a certificate of appealability from his first habeas §2255 petition, it is not clear whether Mr. Ricks has applied to the Fifth Circuit for permission to file a successive § 2255 petition from the information provided. That would be the more appropriate course of action for his case here.

For this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Ricks must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). This he has failed to do. Mr. Ricks argues I should follow a separate avenue of determining whether § 2255 is an inadequate or ineffective avenue of relief, asserting a framework from *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018):

>§ 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second of successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

(Doc. No. 2 at 8-9.) However, that case is neither binding on this court, nor is there any similar precedent established in the Eighth Circuit that would support me recommending its implementation here. In fact, the Eighth Circuit has specifically held "a § 2255 motion is not

4

inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). Even if I were to credit Mr. Ricks's argument, the framework through which he requests relief would be his own downfall. The Eighth Circuit has routinely failed to retroactively apply *Descamps* and *Mathis* to cases on collateral review, the two cases on which Petitioner stands, thus failing the second prong of his proposed test. *See Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018). Consequently, I cannot find a § 2255 motion to be inadequate or ineffective here.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of jurisdiction.

DATED this 31st day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE